**The Deneau Law Firm, PLLC**

**Kindra Deneau (AZ Bar No. 024156)**
64 E. Broadway Road, Suite 200
Tempe, Arizona 85282
Phone: (480) 306-5977
www.deneaulaw.com
kindra@deneaulaw.com

*Counsel for Defendants/ Counterclaimants/ Third Party Claimants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Point Of Choice Consulting, LLC, an Arizona Limited Liability Company; Mike Hoeffel and Chareis Hoeffel, a Married Couple,<br><br>Plaintiffs/<br>Counterdefendants,<br><br>v.<br><br>Right Path, LLC, an Arizona Limited Liability Company; Right Path Center, Inc., an Arizona Corporation; Wali Muhammad; Jaleela Muhammad; and Kyona Relf,<br><br>Defendants/<br>Counterclaimants/<br>Third Party Claimants,<br><br>v.<br><br>Point Of Choice Consulting, LLC, an Arizona Limited Liability Company; Mike Hoeffel and Chareis Hoeffel, each individually and as husband wife; Point of Choice Behavioral Health, Inc., an Arizona Corporation; Point of Choice Cares, Inc, an Arizona Non-Profit Corporation; John Does and Jane Does I-X, husbands and | Case No. 2:22-CV-00274-DGC<br><br>(MARICOPA COUNTY SUPERIOR COURT CASE NO. CV2021-018860)<br><br>**ANSWER,**<br><br>**COUNTERCLAIMS, <u>AND</u>**<br><br>**THIRD PARTY CLAIMS**<br><br>***TRIAL BY JURY DEMANDED ON ALL COUNTS*** |

1
2
wives, and/or single persons; Black Corps I-X;
White LLCs I-X,

3
Third Party Defendants.

4

5  Defendants Right Path, LLC, Right Path Center, Inc., Wali Muhammad,
6 Jaleela Muhammad and Kyona Relf ("Defendants/ Counterclaimants/ Third Party
7 Claimants" or collectively "Claimants") by and through undersigned counsel, hereby
8 submit their Answer, Counterclaims and Third Party Claims relevant to Plaintiffs
9 ("Point of Choice Consulting, LLC, Mike Hoeffel and Chareis Hoeffel")'s Complaint
10 by first admitting, denying, and asserting their affirmative defenses while also
11 alleging concurrent objective facts and evidence readily available to present in
12 support of the affirmative defenses listed.  Following the Affirmative defenses,
13 Defendants/ Counterclaimants/ and Third-Party Claimants herein then bring forth
14 their Counterclaims and Third-Party Claims against all of the Plaintiffs who are each
15 named as both Counterdefendants, and likewise as Third-Party Defendants to
16 ensure that the scope of the claims/counts and damages that Plaintiffs have caused
17 are encompassed and appropriately manifested hereunder.  Additionally, the newly
18 named Third Party Defendants are identified in the revised caption, and also herein
19 below:

20  (1) Multiple individuals, Black Corp, and White LLC who upon information and
21  belief, are **fictitious Defendants** also involved in concert with the claims
22  asserted;
23  (2)  **Point of Choice Behavioral Health, Inc.**, and
24  (3) The discovered most recently incorporated non-profit entitled **Point of
25  Choice Cares, Inc.** filed with the Arizona Corporation Commission on
26  November 10, 2021.

27
28
2

1    Wherefore, Defendants hereby specifically deny each and every allegation
2 set forth and alleged in the Complaint unless specifically admitted below.

3

4                      **PARTIES, JURISDICTION AND VENUE**

5    1.    Upon information and belief, admitted.

6    2.    Upon information and belief, admitted.

7    3.    Admit.

8    4.    Admit.

9    5.    Admit.

10   6.    Admit.

11   7.    Admit.

12   8.    Defendants admit that venue is proper as to the disputed conduct
13 between the parties, upon information and belief, mainly within Maricopa County,
14 and the State of Arizona, and denies the remaining allegations stated within
15 paragraph eight.

16                      **FACTS COMMON TO ALL COUNTS**

17              **Plaintiffs Help Rescue Right Path's Ailing Business**

18   9.    Defendants lack knowledge or information sufficient to form a belief as
19 to the truth of the matters alleged, which are therefore denied.

20   10.   Admit in part, but deny in part because paragraph ten (10) is couched
21 in the past tense that Right Path "was" an outpatient behavioral health center . . . as
22 if it is still not operating as one to this day, which of course it still is doing so and the
23 allegation is misleading in how it is presented.

24   11.   Deny.

25   12.   Defendants admit that as a growing new business around the time of
26 the summer of 2019, that it was having a hard time keeping up with the accelerated

27                                    3
28

growth demands placed upon the original team, and denies the remaining allegations.

13.     Denied.

14.     Denied.

## Right Path Enter into the IT Services Agreement with POCC

15.     Subject to the performance requirements, conditions, warranties, implied good faith requirements by law, and proposal initially provided to Right Path, Admit.

16.     Admit that the Exhibit A is a true and correct copy of the Master Services portion only of the IT Agreement, excluding the Proposal portion which was also accompanying the parties' contractual terms and negotiations concurrently at the same time that the IT Agreement was signed and referred to as a reference.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the vague matters alluded to and alleged, which are therefore denied.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged, which are therefore denied.

19.     Denied.  The IT Agreement expressly required written consent before any purchase was made on behalf of Right Path, which Plaintiffs failed to do repeatedly, and most of the time as well failed to concurrently send invoices for the purchases.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged, which are therefore denied.

21.     Denied.

22.     Denied.

23.     Denied.

## Right Path Borrows Money from the Hoeffels to Cover Operating Shortfalls

4

24.     Admit.

25.     Admit in part on the premise that Plaintiffs were pushing to be and promising to be Defendants future business partners, and were also claiming to be trustworthy, and taking advantage of their roles while serving in positions of trust against Defendants' best interests.  Defendants deny the remaining allegations.

26.     Admit.

27.     At one point in time, Defendants admit to agreeing to pay Plaintiffs $500 a month and to also making some $500 per month payments to Plaintiffs.   The remaining allegations are denied.

28.     Denied.

29.     Denied.

### Right Path's Use of the Hoeffel's Real Property

30.     Admit.

31.     Admit in part on the premise that Plaintiffs were pushing to be and promising to be Defendants future business partners, and were also claiming to be trustworthy, and taking advantage of their roles while serving in positions of trust against Defendants' best interests.  Defendants deny the remaining allegations.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

### POCC Advances Business Costs that Right Path Cannot Afford

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

The Deneau Law Firm, PLLC

## The Owners of Right Path Start a New Enterprise With the Hoeffels

40.     Admit in part on the premise that Plaintiffs were pushing to be and promising to be Defendants future business partners, and were also claiming to be trustworthy, and taking advantage of their roles while serving in positions of trust against Defendants' best interests.  Defendants deny the remaining allegations.

41.     Denied.

42.     Without having acquired pre-consent from the Defendants to charge ahead, Defendants admit.

43.     Without having acquired pre-consent from the Defendants, Defendants Admit this is how Mike Hoeffel appointed himself to be.

44.     Denied.  The only shareholders are Wali, Jaleela and Kyona.

45.      Denied.

46.     According to the Articles of Incorporation, admitted.

47.     Prior to Defendants learning of Plaintiffs many deceptions, it had been Plaintiffs claimed goal to push to have Defendants to make RPC the intended successor in interest to Right Path LLCs business interests.   The remaining allegations are denied.

48.      Originally, in December of 2020, Mike Hoeffel went to AZDHS with a cashier's check drawn by Wali Muhammed from Right Path LLC to apply for the RPC initial licensing with his name listed on it.  Whereas, his name is not on it now, and the remaining allegations are denied.

49.     Defendants admit that POCC defectively provided Right Path with IT services in order to defraud and steal its intellectual property under the auspice of the incorporation of this new RPC, which other wrongful acts have amounted to hacking and cybersecurity breaches.  The remaining allegations are denied.

6

**The Deneau Law Firm, PLLC**

## Wali, Jaleela and Kyona Purport to Remove the Hoeffels as Officers and Directors and Seize their Shares in RPC

50. Denied.

51. Defendants admit that such a meeting was held, and consented to be held previously by Plaintiffs during the prior fully attending May 1st, 2021 Board Meeting.

52. Denied.

53. Defendants admit to formally petitioning to remove and to effectively removing the Plaintiffs as Board Members. The remaining allegations are denied.

54. The Bylaws were drawn up by someone hired by Plaintiffs, without checking in with Defendants first as they raced to incorporate Right Path Center, Inc. in early September 2020 without warning, and the Bylaws were never mutually signed by the named parties herein. The remaining allegations are denied.

55. Denied.

56. Denied.

57. Defendants admit again to formally petitioning to remove and to effectively removing the Plaintiffs as Board Members. The remaining allegations are denied.

58. Admit.

59. Denied.

60. Defendants admit that after sending written notice of the minutes of the known May 10th, 2021 Board meeting that Plaintiffs elected not to attend, that Defendants resolved and authorized Wali Muhammed to file an amendment with the Arizona Corporation Commission to reflect the updated changes and formally remove the Hoeffels in all respects from public record off of RPC. The remaining allegations are denied.

7

## <u>COUNT ONE</u>

**(Breach of Contract – Point of Choice against Right Path, LLC and Right Path Corp.)**

61.     Defendants incorporates their responses in paragraphs 1 through 60 above as if fully set forth herein.

62.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the legal conclusory matters alleged, which are therefore denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

## <u>COUNT TWO</u>

**(Breach of the Covenant of Good Faith and Fair Dealing – POCC against Right Path, LLC and Right Path Corp.)**

68.     Defendants incorporates their responses in paragraphs 1 through 67 above as if fully set forth herein.

69.     To the extent that the IT Agreement is not void for Plaintiffs' fraudulent inducements, Defendants admit.

70.     Defendants admit that all parties had an obligation to deal fairly and in good faith in connection with the IT Agreement and its related Proposal originally proposed.  The remaining allegations are denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

1

**COUNT THREE**

2

**(Breach of Loan Agreements – Mike Hoeffel against Right Path LLC)**

3      75.    Defendants incorporates their responses in paragraphs 1 through 74

4    above as if fully set forth herein.

5      76.    Admit.

6      77.    Denied.

7      78.    Denied.

8      79.    Denied.

9

**COUNT FOUR**

10

**(Breach of Contract)**

11      80.    Defendants incorporates their responses in paragraphs 1 through 79

12    above as if fully set forth herein.

13      81.    Denied.

14      82.    Denied.

15      83.    Denied.

16      84.    Denied.

17      85.    Denied.

18      86.    Denied.

19

**COUNT FIVE**

20

**(Breach of Contract – POCC against Right Path LLC)**

21      87.    Defendants incorporates their responses in paragraphs 1 through 86

22    above as if fully set forth herein.

23      88.    Denied.

24      89.    Denied.

25      90.    Denied.

26      91.    Denied.

27
28

92.   Denied.

## COUNT SIX

### (Unjust Enrichment – All Plaintiffs against Right Path LLC)

93.   Defendants incorporates their responses in paragraphs 1 through 92 above as if fully set forth herein.

94.   Denied.

95.   Denied.

96.   Denied.

97.   Denied.

98.   Denied.

99.   Denied.

100.  Denied.

## COUNT SEVEN

### (Breach of Contract, Unpaid Wages – Mike Hoeffel against Right Path LLC)

101.  Defendants incorporates their responses in paragraphs 1 through 100 above as if fully set forth herein.

102.  Admit.

103.  Admit.

104.  Denied.

105.  Denied.

## COUNT EIGHT

### (Successor Liability – All Plaintiffs against Right Path Corp.)

106.  Defendants incorporates their responses in paragraphs 1 through 105 above as if fully set forth herein.

107.  Denied.

108.  Denied.

109.  Denied.

110.  Denied.

111.  Denied.

112.  Denied.

113.  Denied.

## COUNT NINE

**(Declaratory Relief – Mike and Chareis Hoeffel against Right Path Center, Inc., Wali, Jaleela, and Kyona)**

114.  Defendants incorporates their responses in paragraphs 1 through 113 above as if fully set forth herein.

115.  Denied.

116.  Denied.

117.  Denied.

118.  There were no issued shares in RPC in May 2021, nor was there any going concern or business history of any income value, nor assets at that time either. The remaining allegations are denied.

## AFFIRMATIVE DEFENSES

1.  Defendants hereby allege the following related facts mentioned and assert the following affirmative defenses, including, but not limited to:

   a.  Failure to state a claim;

   b.  Lack of standing to make a claim;

   c.  Unclean hands;

   d.  Admitted Conflict of Interest;

   e.  Failure to mitigate;

   f.  Federal, State, etc. Illegality;

   g.  Lack of breach of contract by Defendants;

11

h. First to materially breach by Plaintiffs;

i. Invasion of Privacy, and Harassment;

j. Repeat Requested Novation Intended to Create the Unilateral Mistake & Fraud;

k. Lack of damages;

l. Failed assignment;

m. Statute of frauds;

n. Estoppel;

o. Intentional Voluntary Gift(s) and/or Gifting;

p. Abandonment;

q. Voluntary Resignation and/or Withdrawal;

r. Consent to Board Meeting(s) in May 2021, both of the Hoeffels each attended the first urgently called May 1st, 2021 Right Path Center, Inc. Board Meeting in person, and it was Plaintiff Chareis Hoeffel who began to request her needing to leave the Right Path, LLC Consulting and also the whole joint venture due to a "conflict of interest" in the first place. **Exhibit A**, May 1st, 2021 Emergency Right Path [Center], Inc. Board Meeting Notes.

s. Spoliation of Evidence;

t. Impracticality and/or Excused Performance Due to Frustration of Purpose;

u. Abuse of Confidential Relationship;

v. Deception;

w. Subject to the hypothetical assumption that the Joint Venture Right Path Center, Inc. ever actually evolved into anything, which it never came near close to happening, the legal right to Possession and Title

12

to the purchased vehicle Van, was a purchase that Plaintiffs made. The van was always owned exclusively in the titled Name of Plaintiffs, & Access and Use post-May 2021 was Always Was Readily Exclusively Available to Plaintiffs, and As such, Re-Possession of the Van Was Thereafter, Easily Effectuated Within A Week or So After the Plaintiffs Got Around to Requesting Defendants to Supposedly Return the Van to Them – Without Bothering to Come and Retrieve it Themselves (which they could have stopped by and done and repaired their own van at any time). Defendants then instead had to take it upon themselves to pay for the cost of making necessary mechanical repairs after the van had been parked for many months in the commercial parking lot in their office leased space, so that they could then safely drive it over to Plaintiffs for Plaintiffs' convenience);

x. Ambiguities within any Alleged Written Contract and/or Written Exchanges Pertaining to Alleged Verbal Agreements to be Construed Against Plaintiffs' as Scrivener;

y. Failure of Condition Precedent;

z. Unilateral Mistake and/or Mutual Mistake;

aa. Lack of Meeting of the Minds;

bb. Material Omissions & Concealment by Plaintiffs;

cc. Conspiracy, including violation of 19 U.S.C. § 371;

dd. Lack of Minimally Required Sufficient Terms to Be an Enforceable Contract;

ee. Waiver;

ff. Repeat Bait and Switch;

gg. False Pretenses;

hh.     Undue Influence *e.g.,* While Serving as a Fiduciary IT Consulting Firm Holding Strong Power in a Confidential Role to Lure Defendants into Agreement to Other potential Arrangements/Agreements, Primarily by Verbal Agreement, Which Alleged Agreements Created a Conflict of Interest, Were Self-Serving & Constituted Self-Dealing;

ii.   Mrs. Hoeffel and Materially Exceeded any Granted Agency Powers or Authority previously granted Under the Alleged to be Valid Written IT Consulting Agreement in Time, Scope, Manner, etc.;

jj.   In Violation of A.R.S. § 32-1121(E)(3), the Plaintiffs held themselves out as being licensed with the Arizona State Registrar of Contractors (ROC) license number #327237 for offering IT Consulting and services, which license was classified for the unrelated scope authority of General Dual KB-2 Dual Residential and Small Commercial, which according to the ROC's public record is now suspended for non-renewal effective the beginning of 2022.

kk. Offsets;

ll.  Accord and Satisfaction;

mm.     Previous and Ongoing HIPAA Violations and Infringements of Patient Confidentiality (45 C.F.R. § 164.408), Intellectual Property of Defendants, etc. and Failure to cure such Violations or to Return Wrongfully Withheld Information, Data, Domain, Emails, and Documents, despite demands for Plaintiffs to do so long ago;

nn.     Defective IT Workmanship, Incomplete Workmanship, and Well Overstated IT Consultant Abilities;

14

oo.     Negligence Per Se, including violation again of 45 C.F.R. 164.306, 164.308, 164.310, 164.312, 164.314, 164.316, & 164.408 *et al.*

pp.     Unconscionability;

qq.     Direct Breach of IT Services Agreement, if found to be enforceable, including Breach of Representations and Warranties under Section under 8.1 in that Defendants "knowingly" and/or by negligence *per se* used materials in the scope of Scope of Work (including Mrs. Hoeffel's custom patient software "ChoiceNotes EHR System", which turned out to be seemingly brand new and possibly never before beta tested; and insisted on a transfer from Microsoft 365 email systems to her custom VPS email server, which she recommended as an expert to be more secure on both fronts to the Defendants), which did, "violate any law, statute, ordinance or regulation.";

rr.   In violation of the Computer Fraud and Abuse Act, Plaintiffs Wrongfully accessed Right Path, LLC computer files, Patient HIPAA information and documents, domains, and emails, etc. without notice, authorization or consent to the Defendants, and converted such private, confidential, and intellectual property files and preexisting domain/email from underfoot of the Defendants after the parties had already parted ways. **Exhibit B**, See Email from Mrs. Chareis Hoeffel dated May 11ᵗʰ, 2021 alluding to a confusing laundry list of what she was then telling the Defendants needed to be talked about in terms of accomplishing "a successful separation", including:

the equipment/devices/server and service contract. the ERH system and whether or not you want to continue use

15

1
2
3

it, the email system and website hosting going forward, all of our other intellectual property such as the forms, treatment plans, intake, bha, etc, for which we maintain exclusive rights.

4
5
6
7
8
9
10
11
12
13
14

During Plaintiffs' tenure handling the IT Consulting, they also well exceeded their authority in transferring the domain of www.rightpathcenter.com wrongfully away and out of godaddy so that Defendants could no longer have any direct administrative access to their own original business website created before Plaintiffs came along. Thus, Plaintiffs illegally misused their "access to obtain or alter information in the computer that the accesser is [was] not entitled so to obtain or alter." 18 U.S.C. §1030(e)(6). Here, most especially, the www.rightpathcenter.com domain and quite possibly www.rightpathcenter.org domain as well for their own financial gain in breach of Defendants' trust.

15

ss. Violation of 18 U.S.C. § 1006;

16
17
18
19

tt. Disloyalty, in Various Roles Plaintiffs' were by law required to be working and serving Defendants completely and exclusively in a position of trust and loyalty to the Defendants, but instead they took advantage of such trust and loyalty for their own self-interests all along;

20
21

uu. Failure to Meet the Minimum Business Judgment Standard of Care

22

vv. Forgery;

23

ww. Extortion;

24

xx. Impersonation.

25

yy. Conducting Business under Alter Egos and possibly Aliases;

26

zz. Cybersquatting;

27
28

16

aaa.    Domain Hijacking, including overtaking complete control of Defendants' domain path and associated emails for www.rightpathcenter.com (including but not limited to, patient data, contact information, and upon information and belief, post-May 11, 2021 resignation date-- Right Path, LLC patient information, AHCCCS financials, and other highly privileged and confidential communications and information solely belonging entirely to the Defendants). *See* **Exhibit 1 to Defendants' Motion to Extend (3rd)**, June 28th, 2021 IT Expert Nicholas Bennett's (at the time of Gallop) Timeline for Rightpath/ Point of Choice;

bbb.    Failed "Express" Waiver of Business Interests and/or Ownership Rights, as implied by Plaintiffs' twisted allegations and Counts;

ccc.    Laches;

ddd.    Abuse of Process.  The example thus far, known to Defendants is that on June 10th, 2021, Mike Hoeffel via from mhoeffel@pocc.us, (who all along apparently was the Qualifying Party for the ROC license on public record for the LLC) directly contacted, emailed and threatened and intimidated the Defendants on behalf of POCC, Defendants' then newly hired Professional IT company Gallop Technology Group "Gallop" who Defendant Right Path, LLC had independently hired and retained to, first on an emergency basis, do an on-site mirror image of the server before moving it at all to best preserve the data as quickly as possible due to the Plaintiffs' ongoing disturbing conduct, then to pull and sequester the physical IT server after swiftly shutting it down before then carefully removing it from the Right Path office to conduct a more thorough review and forensic

17

analysis of it.  In the abrupt June 10th, 2021 email, Mr. Hoeffel entitled the subject line, "Illegal Access of Company Property" to misrepresent and fraudulently claim that, "you have tampered with Point of Choice Consulting Property. . . and our proprietary intellectual property [including allegedly] all of the laptops, desktops, access points and other systems that we have full ownership of" and Right Path does not. *See* **Exhibit C**, Redacted Email from Mike Hoeffel to Gallop Technology dated June 10th, 2021; **Exhibit D**, Gallop Technology's Chain of Custody document dated June 14th, 2021.

eee.    Impossibility, including with respect to the required regulating State Agencies;

fff. Fraud, and Fraudulent Intent, *see e.g.*, violation of 18 U.S.C. § 484 (Upon information and information, Plaintiff Mike Hoeffel fraudulently signed a Lease without Right Path, LLC's authorization or any consent/authority, and also stole Bank of America Right Path operating checks to concurrently pay down a substantial earnest payment on a five (5) year commercial Lease without Defendants' knowledge along with a real estate broker, both of which Defendants then had to go to great lengths to ensure that the forged business checks were credited back to Right Path, LLC's account and that the real estate broker was thank goodness willing to at least set straight as to the fact that the believed to be signed Lease had to be voided and considered invalid, ie the the Lessor and broker at least did not attempt to enforce the Lease legally, but had they tried to, the cost of the sheer commitment of for the Lease would have cost approximately $500,000 over the span of the five-year term); and

18

ggg.    Applicable Counterclaims set forth Below fully incorporated herein.

2.    Defendants reserve the right to amend this Answer in the future to allege any affirmative defenses as set forth in Rule 8(c), and/or otherwise as information is revealed through discovery and investigations.

WHEREFORE, Defendants request relief as follows:

A. For judgment in favor of Defendants on all counts;

B. For reasonable attorneys' fees pursuant to A.R.S. § 12-341.01 and A.R.S. § 10-1636(A);

C. For taxable costs and litigation expenses pursuant to A.R.S. § 12-341;

D. Equitable relief and/or declaratory judgment order relief, and Injunctive Relief as the Court sees fit pursuant to 28 U.S.C. §§ 2201, *et seq.*. *including a denial of Plaintiffs' claims to any Shareholder interests in Right Path Center, Inc., with Prejudice, and for the Court ordered return of all of Defendants Right Path's domains, emails, and patient and confidential trade secret data/ files (with proven secured destruction, and that the data had previously been kept secured and encrypted since May 2011 when it was wrongfully taken), and/or any other intermediary relief*;

E. For any other relief this Court deems necessary and appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, this Court is authorized to enter a judgment declaring the rights and legal relations of the parties and to grant any further necessary relief. Furthermore, the Court has broad authority to restrain acts, such as here, that are tortious and violate the terms of the federal and state statutes described in the Complaint.

The Deneau Law Firm, PLLC

## COUNTERCLAIMS AND THIRD-PARTY CLAIMS
## GENERAL ALLEGATIONS

1.      Counterclaimants and Third-Party Claimants (collectively "Claimants" or "Right Path") as identified at the start of the Complaint, each are bringing forth the Counterclaims and Third-Party Claims set forth herein which are further supported by these below Allegations, and also Claimants fully incorporate all of the facts and information documented in the above assertions made in their responses and affirmative defenses to the Complaint as well.

2.      Point of Choice Behavioral Health, Inc. ("POCBH") is upon information and belief, an Arizona Corporation duly authorized to do business in the State of Arizona, with its principal place of business in Arizona.

3.      Upon information and belief, the Hoeffels knew at least 30 days before May 7th, 2021, meaning by at least April 7th, 2021, that the directly competing POCBH business was already fully going to be receiving its NPI license in just a matter of days.  **Exhibit E**, NPI Profile for POCBH #1407430309.

4.      Mr. and Mrs. Hoeffel never between May 1st, 2020 and May 1st, 2021, made any mention to Claimants about their intentions to create, incorporate and/or pursue POCBH.

5.      Third-Party Defendant Point of Choice Cares, Inc. was filed with the Arizona Corporation Commission on November 10, 2021 by the Hoeffels, precisely one single month before the filing of their lawsuit to allegedly pursue non-profit interests of providing therapy services to the public which appear to be completely a replica of the services they already provide under POCBH.

6.      Attached hereto is a true and correct copy of the back-and-forth SLACK messaging software communication that Chareis Hoffman and Claimant Kyona Relf exchanged with each other on April 29th, 2021.  *See* **Exhibit F**, Slack messaging

20

conversation demonstrating Mrs. Hoffman's intent to prepare to abscond with Right Path's email domain messaging accounts and systems.

7.    In addition to the Plaintiffs themselves being the identified Counterdefendants as presented in their own Complaint, the other Third-Party Defendants who are affiliated with such Counterdefendants include:  Fictitious Defendants: The JOHN AND JANE DOE(s), BLACK CORPS., AND WHITE LLCS, each to be also held jointly and severally responsible for having contributing to and/or have caused the acts that give rise to this Complaint, including by way of other currently undiscovered additional causes of action. Upon information and belief, and dependent upon discovery and disclosures, one such possible Jane Doe is Ginger Martin, of Sunbird Enterprises who which promotes Native American diversity and inclusion, and she had been previously helping to bring that focus in to Right Path's vision as a Gila River Community member.  According to the Arizona Corporation Commission's public records, Ms. Martin became a Director of Point of Choice Behavior Health, Inc. pursuant to its Annual Report filing dated and signed on September 7th, 2021 by M. Hoeffel.

8.    Moreover, on or about July 13th, 2021, Michael Hoeffel also filed an Amendment with the Arizona Corporation Commission to change other status updates for POCBH on public record according to his signature dated June 23rd, 2021, including amending to state that Ms. Ginger Martin was a new Shareholder of POCBH and that POCC was also a new shareholder of POCBH, while also noting that Ms. Ginger Martin was to become a Director and Officer of the Corporation as well.

9.    Federal and Arizona State Laws, such as HIPAA exist to require healthcare professionals and any other associated professionals to legally guard and protect the confidentiality of patients' healthcare history, diagnoses, reports,

21

testing results, prescriptions, and any other private information of patients, etc. from being leaked or exposed to any unauthorized persons or parties without the duly authorized written consent of the treating patient or legal guardian of the patient.

10.

## COUNT ONE: VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030)

## COUNT TWO: VIOLATION OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. § 2701

## COUNT THREE: VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT AND FEDERAL WIRETAP STATUTE, 18 U.S.C. §§ 2510-2523

## COUNT FOUR: BREACH OF CONTRACT

1. Defendants have breached two (2) contracts, detailed herein.

2. Within every attempt at a contract or promise between the parties,

3.

4. Due to the above breaches of contract under the loan agreement and the Shareholder Agreement, Plaintiff has incurred damages, and continues to incur damages, in an amount to be proven at trial.

## COUNT FIVE: BREACH OF GOOD FAITH AND FAIR DEALING

5. Plaintiff incorporates each and every allegation set forth in the above numbered paragraphs as though fully set forth herein.

6. Pursuant to the various oral and/or potentially enforceable written agreements, the parties had an implied duty to work with each other and to perform their respective obligations under the agreement in good faith.

7. Claimants followed through on their good faith end.

8. Third-party defendants did not and never intended to do so.

## COUNT SIX: CONVERSION

9. Plaintiff incorporates each and every allegation set forth in the above numbered paragraphs as though fully set forth herein.

10. Third-Party Defendants have misappropriated Claimants intellectual property domains, email accounts, and proprietary patient data illegally as set forth in more detail above. Mr. Layman's shares of stock in Valkyrie Systems Corporation away from him.

11. As a result, Claimants have incurred damages, and continue to incur damages in an amount to be proven at trial.

## COUNT SEVEN: UNJUST ENRICHMENT

12. Claimants incorporate each and every allegation set forth in the above numbered paragraphs as though fully set forth herein.

13. In the alternative if there is no contractual claim, Third-Party Defendants have intentionally retained an unjust enrichment from illegally converting Claimants' intellectual property and while violating trademark rights.

14. Third-Party Defendants have intentionally retained an unjust enrichment by withholding the property wrongfully to the exclusion of Claimants.

15. Claimants' have been impoverished as a result of Third-Party Defendants' enrichment.

16. There is no legal justification to allow Third-Party Defendants to keep the benefits conferred to them at Claimants' expense.

17. As a result, Claimants incurred damages in an amount to be proven at trial.

## COUNT EIGHT: BREACH OF FIDUCIARY DUTY

18.    Claimants incorporate each and every allegation set forth in the above numbered paragraphs as though fully set forth herein.

19.    As a former employee of Right Path, Mike Hoeffel owed fiduciary duties of care, loyalty, and good faith to Claimants. Defendant's fiduciary duties include obligations to exercise good business judgment, to act prudently in the operation of the Company's business, to discharge his actions in good faith, to act in the best interests of the Company and its stockholders, and to put the interests of the Company before his own.

20.    As the owner and sole proprietor, and claimed IT expert of POCC, Chareis Hoeffel and POCC owed fiduciary duties as well having been placed in a careful position of trust with Claimants.  Such duties  also included certain loyalties and good faith, and care to Claimants.

21.    Third-Party Defendants breached the fiduciary duties of loyalty and good faith by, among other things, acting for none other than their own direct personal benefits to Claimants direct detriment, including to all the while only intend to start their own competitive business as they were thwarting Claimants' interests and taking their trade secret ideas.

22.    Claimants have been damaged, and continue to be damaged, as set forth above, by the Third-Party Defendants' breach of their fiduciary duties in an amount to be proven at trial.

### COUNT NINE: FRAUD/ FRAUDULENT INDUCEMENT

23.    Claimants incorporates each and every allegation set forth in the above numbered paragraphs as though fully set forth herein.

24.    Defendants have benefitted directly from how Plaintiff has been damaged as a result of Defendants deceptive acts.

25. As a consequential and proximate result of the actions of Third-Party Defendants, Claimants have been injured economically, emotionally, and in the future loss of his ability to obtain gainful employment.

26. Claimants as a result of the foregoing, are entitled to an award of not only compensatory damages, but also punitive damages in an amount to be proven at trial and sufficient to punish, penalize, and deter Third-Party Defendants from engaging in such conduct in the future.

### COUNT TEN: DECLARATORY JUDGMENT RELIEF

27. Plaintiff incorporates each and every allegation set forth in the above numbered paragraphs as though fully set forth herein.

28.

### CONCLUSION

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

(i) For judgment against Defendants;

(ii) For monetary damages, and in a sufficient amount to compensate Plaintiff for compensatory damages incurred to date and in the future, including but not limited to lost past and future income, benefits, etc.;

(iii) For consequential damages, if awardable;

(iv) For punitive damages in an amount to be proven at trial and sufficient to punish, penalize, and deter Defendant from engaging in such conduct in the future;

(v) For characterizing any and all damages found and proven to be associated with a breach of fiduciary duties, to be designated as defalcation damages.

(vi) For Injunctive Relief and/or Specific Performance, particularly for the secure exclusive return of all of Claimants' intellectual property, and

for Third-Party Defendants' to be ordered to destroy any and all copies in their possession and to be ordered to never use or attempt to use again any of Claimants' property.

(vii)    For prejudgment interest and post-judgment interest at the highest rate allowed by law from the date of judgment until a satisfaction of judgment is filed, from the date said damages are considered liquidated until fully paid;

(viii)    For taxable costs and litigation expenses pursuant to A.R.S. § 12-341;

(ix)    For attorney fees pursuant to A.R.S. § 12-341.01 and A.R.S. § 10-1636, and section or paragraph 14 of the Shareholders' Agreement; and

(x)    For any other relief that Plaintiff is entitled to in law and in equity pursuant to A.R.S. § 10-1816.

(xi)    For a Constructive Trust with respect to any and all damages, increased profits, disgorgement of profits gains, or earnings/ royalties being wrongfully earned, etc. that Third-Party Defendants have acquired as a result of their wrongdoings which must be and ought to be lawfully paid to Claimants.

(xii)    Defalcation characterization and classification as to any and all fiduciary duty damages awarded.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

RESPECTFULLY SUBMITTED this 7th day of April, 2022.

**The Deneau Law Firm, PLLC**

By: /s/ Kindra Deneau
    Kindra Deneau, Esq.
    *Counsel for Defendants and*
    *Counterclaimants*

26

**The Deneau Law Firm, PLLC**

1

2  ORIGINAL of the foregoing e-filed this
3  7th day of April 2022, with:

4  The United States District Court
   District of Arizona
5

6  COPY sent via e-service and e-mail
   this 7th day of April 2022, to:
7

8  Andrew A. Harnisch
   MAY, POTENZA, BARAN & GILLESPIE, P.C.
9  1850 North Central Avenue, Suite 1600
   Phoenix, AZ 85004-4633
10  aharnisch@maypotenza.com
    gcartwright@maypotenza.com
11  *Attorney for Plaintiffs*

12  By: LMS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28