WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Point of Choice Consulting, LLC, an Arizona limited liability company; and Mike Hoeffel and Chareis Hoeffel, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>Right Path, LLC, an Arizona limited liability company; Right Path Center, Inc., an Arizona corporation; Wali Muhammad; Jaleela Muhammad; and Kyona Relf,<br><br>Defendants. | No. CV-22-00274-PHX-DGC<br><br>**ORDER** |

Plaintiffs filed a state court complaint against Defendants in December 2021. *See* Doc. 1-1.[1] Defendants removed the case to this Court in February 2022. Doc. 1.

Plaintiffs have filed a motion to remand pursuant to 28 U.S.C. § 1447(c). Doc. 13. The motion is fully briefed (Docs. 38, 68) and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f). For reasons stated below, the Court will grant the motion.

---

[1] *See also Point of Choice Consulting, LLC v. Right Path, LLC*, No. CV2021-018860 (Maricopa Cnty. Super. Ct. Dec. 10, 2021); Judicial Branch of Arizona, *Civil Court Case Information*, http://www.superiorcourt.maricopa.gov/docket/CivilCourtCases/caseInfo.asp?caseNumber=CV2021-018860 (last visited June 21, 2022).

1

**I.     Background.**

Plaintiffs Mike and Chareis Hoeffel own Point of Choice Consulting ("PCC"), which provides consulting services to outpatient health centers and information technology to various businesses. Doc. 1-1 ¶ 9. Defendant Right Path is an outpatient health center owned and operated by Defendants Wali Muhammad, Jaleela Muhammad, and Kyona Relf. *Id.* ¶ 10. Pursuant to an IT Services Agreement, PCC provided information technology to Right Path for a fee of $3,500 per month. *Id.* ¶¶ 15-16, 19-20. Under the terms of the agreement, Right Path was allowed to use certain intellectual property owned by PCC. *Id.* ¶¶ 17-18. Plaintiffs allege that Right Path has failed to pay PCC for the information technology, failed to reimburse PCC for hardware and software it purchased for Right Path, and unlawfully retained and used PCC's intellectual property. *Id.* ¶ 21. Plaintiffs claim that Right Path owes PCC a total of $86,244 for its alleged breach of the agreement. *Id.* ¶¶ 22-23.

The Hoeffels loaned Right Path $23,000 in late 2020. *Id.* ¶¶ 25-26. Right Path agreed to repay the loans by making $500 monthly payments until the loans were paid in full. *Id.* ¶ 27. Plaintiffs claim that Right Path has defaulted on the loans and owes the Hoeffels $18,000. *Id.* ¶¶ 28-29.

Right Path occasionally used the Hoeffels residence in Casa Grande, Arizona as overflow space for its clients. *Id.* ¶¶ 3-31. Right Path agreed to pay the Hoeffels $300 per week for each client and to reimburse the Hoeffels for food and utilities provided to the clients. *Id.* ¶¶ 32-33. Plaintiffs claim that Right Path has never paid or reimbursed the Hoeffels, and currently owes them $7,950. *Id.* ¶¶ 34-35.

PCC advanced Right Path fees charged by a medical biller that handled Medicare and Medicaid payments for Right Path. *Id.* ¶ 36. Plaintiffs claim that Right Path owes PCC $6,000 for the advanced fees. *Id.* ¶¶ 37-38.

In September 2021, Mike Hoeffel incorporated Defendant Right Path Center ("RPC"). *Id.* ¶ 42. Mike was RPC's president, and its shareholders were the Hoeffels and the individual Defendants. *Id.* ¶¶ 43-45. Plaintiffs claim that, without notice or legal

authority, Defendants wrested control of RPC from the Hoeffels and excluded them from the business. *Id.* ¶¶ 50-60.

Plaintiffs filed their state court complaint on December 10, 2021. *See id.* at 1. The complaint asserts claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, successor liability, and declaratory relief. *Id.* ¶¶ 61-118. Defendants removed the case on February 22, 2022, asserting federal question jurisdiction under 28 U.S.C. § 1331. Doc. 1.[2]

**II.     Removal Based on Federal Question Jurisdiction.**

Under the removal statute, 28 U.S.C. § 1441, any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court for the district where the action is pending. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant."). Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction over cases involving a federal question, that is, cases "arising under the Constitution, laws, or treaties of the United States." The federal issue "must be a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Provincial Gov't of Marinduque v. Placer Dome, Inc*., 582 F.3d 1083, 1086-87 (9th Cir. 2009) (citations omitted); *see also Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1102 (9th Cir. 2008) (explaining that a "state [law] claim must 'turn on substantial questions of federal law,' and 'really and substantially involve a dispute or controversy respecting the validity, construction or effect of federal law'") (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

The presence or absence of a federal question is governed by the "well-pleaded complaint rule," which provides that federal question jurisdiction exists only when a

---

[2] Because each party is a citizen of Arizona, diversity jurisdiction does not exist under 28 U.S.C. § 1332. *See* Docs. 1 at 1-2, 1-1 ¶¶ 1-7.

federal question is presented on the face of the complaint. *Caterpillar*, 482 U.S. at 392. The rule makes the plaintiff "master of the claim" – the plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Id.*; *see also Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113 (1936) (the federal issue "must be disclosed on the face of the complaint, unaided by the answer or by the petition for removal"); *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998) ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim.").

### III. Plaintiffs' Motion to Remand.

Under 28 U.S.C. § 1447, a removed case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" § 1447(c). Plaintiffs argue that remand is required here because their claims are a run-of-the-mill contract, tort, and business-law claims brought exclusively under Arizona law. Doc. 13 at 6-8. Defendants counter that a federal question exists because Plaintiff's claims concern Right Path's intellectual property rights. Docs. 1 at 3, 38 at 3-7. They argue that the complaint alleges that Defendants have "unlawfully retained and used IP belonging exclusively to [PCC] under the IT Agreement." Doc. 1-1 ¶ 21. Defendants further contend that the complaint implicates confidential patient information protected under the federal Health Insurance Portability and Accountability Act ("HIPAA"). Doc. 1 at 3.

As noted, federal jurisdiction exists under § 1331 only when a federal question is presented "on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Plaintiffs' complaint cites no federal statute or rule and seeks no relief under federal law. *See* Docs. 1-1, 13 at 8-9. While the complaint mentions "intellectual property" several times (*see* Doc. 1-1 ¶¶ 17, 18, 21, 49), it contains no allegations of trademark, copyright, or patent infringement. And "intellectual property" is referenced only in connection with the alleged breach of the IT Services Agreement. *See id.*

The fact that Plaintiffs' state law claims relate to certain intellectual property is not sufficient to invoke federal question jurisdiction under § 1331. *See Dimension D, LLC v. True*, No. 2:06CV113-SRW, 2006 WL 1061952, at *5 (M.D. Ala. Apr. 21, 2006) (granting

4

motion to remand and noting that "[c]ommercial agreements traditionally are the domain of state law [which] is not displaced merely because the contract relates to intellectual property") (citation omitted); *Integrated Actuarial Servs., Inc. v. First Auditors, LLC*, No. 05CV0928 DMS (JMA), 2005 WL 8173195, at *2 (S.D. Cal. July 11, 2005) (finding no federal question even though "the software license implicates intellectual property rights regulated by the federal Copyright Act"); *Amini v. CTI Pet Sys., Inc.*, No. 2-527-04, 2002 WL 34555298, at *1 (E.D. Tenn. June 27, 2002) (finding no federal question where the complaint asserted a "state law theory of breach of contract or conversion of [the plaintiff's] intellectual property"); *see also Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985-86 (9th Cir. 2003) ("[I]t is well established that just because a case involves a copyright does not mean that federal subject matter jurisdiction exists. Federal courts have consistently dismissed complaints in copyright cases presenting only questions of contract law."); *Dixie Boys Baseball, Inc. v. Dixie Youth Baseball, Inc.*, No. CIV.A. 12-0760, 2012 WL 3054113, at *3 (W.D. La. June 1, 2012) ("[P]laintiff's 'well-pleaded complaint' asserts only state law causes of action. The trademark issue is, at most, only tangentially related to this litigation to enforce compliance with an agreement.").

The complaint contains no reference to HIPAA, and any relevance the statute may have to Plaintiff's claims does not rise to the level of a substantial federal question. *See Solis v. Owyhee Cmty. Health Facility*, No. 1:19-CV-00496-DCN, 2020 WL 1172682, at *2 (D. Idaho Mar. 11, 2020) ("Federal courts in the Ninth Circuit have found that 'HIPAA does not provide any private right of action.' In other words, Solis cannot sue the Defendants under HIPAA, nor can she rely on HIPAA for federal-question jurisdiction.") (citations omitted); *In re Anthem, Inc.*, 129 F. Supp. 3d 887, 897-98 (N.D. Cal. 2015) ("[A]llowing federal question jurisdiction based on Plaintiffs' single reference to HIPAA would effect an 'end-run around clear precedent precluding a private right of action under HIPAA.'") (citations omitted); *Caskey v. Shriners Hosps. for Children*, No. 2:16-CV-00169-SAB, 2016 WL 4367250, at *4 (E.D. Wash. Aug. 15, 2016) ("Plaintiff's references to HIPAA in the FACTS section of his Complaint does not confer federal question

jurisdiction. . . . [F]ederal jurisdiction is not present even if a state cause of action relies on a HIPAA violation as an element of the claim.").[3]

Defendants incorporate their affirmative defenses, counterclaims, and third-party claims into their response. Doc. 38 at 3; *see* Docs. 18, 19. But it is well established that federal question jurisdiction exists only where the "*complaint* establishes that the case 'arises under' federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) (emphasis added). "It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law." *Sec'y of Veterans Affs. v. Tayo*, No. 1:22-CV-0667 JLT SAB, 2022 WL 2007428, at *2 (E.D. Cal. June 6, 2022) (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009)); *see also Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) ("We have held that 'removability cannot be created by defendant pleading a counter-claim presenting a federal question.'") (citations and alterations omitted); *Katz v. Pezzola*, No. 2:22-cv-03183-CAS-MARx, 2022 WL 1684040, at *2 (C.D. Cal. May 24, 2022) ("[T]o the extent Defendant argues there is federal question jurisdiction based on any counterclaims or affirmative defenses, it is well settled that a 'case may not be removed to federal court on the basis of a federal defense even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.'") (quoting *Caterpillar*, 482 U.S. at 393).[4]

**IV.   Remand Summary.**

Courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Indeed, there is a "strong presumption"

---

[3] Defendants mention "federal cybersecurity laws" and "Federal Trade Secret laws" in the notice of removal, but do not explain why those unspecified laws create a federal question in this case. *See* Doc. 1 at 3-4.

[4] Defendants assert that this is "anything but a simple contract case" (Doc. 38 at 7), but cite no legal authority suggesting that case complexity is a factor in analyzing subject matter jurisdiction. *See* Doc. 68 at 5.

against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* This strong presumption "against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

Defendants have not met their burden. The Court will remand the case to state court for lack of subject matter jurisdiction. *See* § 1447(c); *Takeda*, 765 F.2d at 822 ("A straight-forward application of the well-pleaded complaint rule persuades us that removal jurisdiction does not exist. Plaintiffs sued under state law; they did not allege that their claims were based on federal law. . . . The federal question defendants raise in their counterclaims does not provide a basis for removal.").[5]

Plaintiffs seek an award of attorneys' fees and costs pursuant to § 1447(c). Doc. 13 at 10-11. In its discretion, the Court will deny Plaintiffs' request. *See Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992) (§ 1447(c) gives district courts "wide discretion" in deciding whether to award fees and costs).

**IT IS ORDERED:**

1. Plaintiffs' motion to remand (Doc. 13) is **granted**.
2. Plaintiffs' request for attorneys' fees and costs is **denied**.
3. The Clerk is directed to remand this case to state court.

Dated this 30th day of June, 2022.

David G. Campbell
Senior United States District Judge

---

[5] Given this ruling based on a lack of subject matter jurisdiction, the Court need not address whether Defendants timely filed the notice of removal. *See* Docs. 13 at 5-6, 38 at 2-3. And because the Court is without jurisdiction, it will take no position on the pending motion to strike and motion to set aside default. Docs. 67, 69.

7